In the Matter of the **NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Debtor.**

**ALCO PRODUCTS, INC., et al.,**
**Appellants,**

v.

**TRUSTEES OF the PROPERTY OF the NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, et al., Appellees.**

**No. 32, Docket 32017.**

United States Court of Appeals
Second Circuit.

Argued Sept. 18, 1968.

Decided Dec. 9, 1968.

---

Donald N. Dirks (Davis, Polk & Wardwell), New York City, for appellant Alco Products, Inc.

John F. Hunt, Jr., New York City (Cravath, Swaine & Moore, Michael G. Wolfson, New York City, of counsel), for appellants Bethlehem Steel Corp., Westinghouse Air Brake Co., and Westinghouse Electric Corp.

John W. Barnett, New Haven, Conn. (Wiggin & Dana, William J. Egan, New Haven, Conn., of counsel), for appellants American Brake Shoe Co. and fourteen others.

Jerome H. Shapiro (Gerald E. Dwyer, New York City), for appellants The New York Central R.R.) Co. (now known as The Pennsylvania New York Central Transp. Co.) and The Pittsburgh & L. E. R. R. Co.

Arthur Latimer, New Haven, Conn. (Tyler, Cooper, Grant, Bowerman & Keefe, Richard G. Bell, New Haven, Conn., on the brief), for appellant Texaco, Inc.

George F. Carroll, Jr., Norwalk, Conn., for appellant Burroughs Corp.

Falsey, Shay and Del Sole, Frank M. Grazioso, New Haven, Conn., for appellant L. A. Clarke & Son, Inc.

Robert W. Blanchette, New Haven, Conn. (James Wm. Moore and Robert W. Blanchette, Joseph W. Bishop, Jr., Seymour N. Weinstein, New Haven, Conn., of counsel), for appellees Richard Joyce Smith and William J. Kirk, trustees of the property of The New York, N. H. and H. R. R. Co., debtor.

Albert X. Bader, Jr., New York City (Simpson Thacher & Bartlett, Horace J. McAfee, John J. McGraw, New York City, of counsel), for appellee Manufacturers Hanover Trust Co., as corporate trustee under the first and refunding mortgage of The New York, N. H. and H. R. R. Co.

Wilkie Bushby (Dewey, Ballantine, Bushby, Palmer & Wood, New York City), for appellee The Chase Manhattan Bank, as corporate trustee under the debtor's general income mortgage.

Lawrence W. Pollack (Migdal, Low, Tenney & Glass, New York City), for appellee New York, N. H. and H. R. R. Co., first mortgage 4% bondholders committee.

Walter A. Kernan (Carter, Ledyard & Milburn, New York City), for appellee United States Trust Co., as trustee under the debtor's first mortgage.

Before LUMBARD, Chief Judge, WATERMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Appellants, unsecured creditors of The New York, New Haven and Hartford Railroad Company, the debtor in reorganization, filed timely claims in the railroad's reorganization proceedings for preferential treatment in the distribution of assets. Relying on the six-months rule they claim a priority aggregating $4,670,300.91 for services, parts and supplies. After a hearing the district court denied preferential treatment. We affirm.

The six-months rule stated briefly, gives priority in payment to creditors who, within a period of six months before the initiation of reorganization proceedings, have supplied materials or services necessary to keep the railroad running. Lackawanna Iron & Coal Co. v. Farmers' Loan & Trust Co., 176 U.S. 298, 20 S.Ct. 363, 44 L.Ed. 475 (1900); Southern Ry. v. Carnegie Steel Co., 176 U.S. 257, 20 S.Ct. 347, 44 L.Ed. 458 (1900); Burnham v. Bowen, 111 U.S. 776, 4 S.Ct. 675, 28 L.Ed. 596 (1884);

Johnson Fare Box Co. v. Doyle, 250 F.2d 656 (2d Cir.), cert. denied, 357 U.S. 938, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958); FitzGibbon, The Present Status of the Six-Months' Rule, 34 Colum.L.Rev. 230 (1934). This rule is based upon an equitable principle, i. e., that the public and the bondholders have profited by the continued operation of the railroad and that the supplier-creditors should not therefore bear the burden of the loss. Whether the six months creditors receive priority depends, however, on whether there existed a "current debt fund" or "current expense fund" from which payment could have been made but which was used instead for the benefit of the bondholders. The reasoning behind the requirement of the current expense fund is that the six months claims deserve priority only to the extent that the claimants relied in extending credit on the availability of current income and not, along with others, on the railroad's general credit standing. See Fosdick v. Schall, 99 U.S. 235, 25 L.Ed. 339 (1879). The issue in the present case is whether the New Haven had at any relevant time a fund consisting in effect of current assets which equitable considerations require to be paid to the six months creditors but which by reason of the original mortgage security or the so-called springing liens has become an asset available to the bondholders.

It is conceded that under the system of accounting prescribed by the Interstate Commerce Commission the New Haven had no "net railway operating income" nor any net income whatsoever during the six months preceding the filing of the reorganization petition. No payments of interest on its bonds were made during that period. Interest payments made just before the beginning of the six months period were made from the proceeds of emergency loans guaranteed by the United States.

At the time of the filing of the petition the New Haven's current assets were approximately $23,000,000, its current liabilities more than $59,000,000. Since the railroad has been in reorganization its continued operation has been made possible only by borrowing money on trustees' certificates.

It is quite clear that under generally accepted accounting practices the New Haven had no income during the six months period before reorganization and has had no income since the reorganization proceedings were instituted. However, the claimants insist, in effect, that income be computed without regard to contemporaneous liabilities. For example, it is claimed that the trustees, on taking over the railroad, received over $6,000,000 in pre-reorganization income, although it was admittedly necessary for them to borrow some $8,000,000 to meet payrolls immediately after the takeover. But, to the extent that the six months rule is based on the reasonable expectations of the creditors to be paid out of current earnings, all the accrued expenses during the six months are deductible from gross revenues in computing the fund, for at the time credit was extended no creditor was entitled to rely on claims going unpaid.

We hold that the availability of a current expense fund under the six-months rule is to be determined by generally accepted accounting practices, including those prescribed by the Interstate Commerce Commission, and that under those practices the current expense fund is to be computed by deducting operating expenses and depreciation from operating revenues. Applying this standard to the New Haven we find that there was no current expense fund available for payments under the six-months rule.

The railroad claimants have produced nothing that would lead to the grant of a special preference for the so-called per diem claims.

Affirmed.